El Pueblo de Puerto Rico, demandante y apelado, *v.* Martín Acosta, acusado y apelante.

Núm. 8430.—*Sometido:* Diciembre 13, 1940. *Resuelto:* Diciembre 16, 1940.

*José Veray, Jr.,* abogado del apelante; *Hon. Procurador General George A. Malcolm* y *R. A. Gómez, Fiscal del Tribunal Supremo,* abogados de El Pueblo, apelado.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

El apelante fué sentenciado por un delito de acometimiento y agresión grave consistente en que allá por el 7 de septiembre del año pasado en el barrio Caimital Bajo, de Aguadilla, "ilegal, voluntaria y maliciosamente, y con la intención criminal de causar grave daño," acometió y agredió con una pistola al niño de once años William Román Seda, haciéndole un disparo que le produjo una herida en el brazo izquierdo. Las circunstancias agravantes consisten, según se expresa en la denuncia, en la naturaleza del arma y en ser el acusado un varón adulto y de fuerzas corporales, y ser un niño el agredido.

Solicita el apelante la revocación de la sentencia por haber la corte admitido en evidencia la confesión del acusado,

sin que antes se hubiese establecido el *corpus delicti,* y por el motivo adicional de ser insuficiente la prueba presentada.

■ Para considerar uno y otro error, precisa que hagamos una reseña de la evidencia que ante sí tuvo la corte sentenciadora. De ella resulta que el día de autos el niño agredido y su compañero, Alfredo Abril, salieron de la escuela y penetraron en una finca que luego resultó ser del acusado; que cuando trataban de coger unas guayabas en dicha finca, Román vió entre unas ramas una mano con un revólver o pistola e inmediatamente oyó un disparo; que huyeron del sitio, pero al momento se dió cuenta que estaba herido en un brazo. Se admitió por la defensa que el niño Alfredo Abril, en caso de declarar, corroboraría la declaración del testigo William Román, y que el Dr. Néstor de Cardona declararía "que el día 9 de septiembre del año pasado vió al joven William Román, quien presentaba dos heridas de bala, de entrada y de salida, en el antebrazo izquierdo; que el proyectil aparentemente le atravesó el brazo sin producirle fractura alguna de los huesos; que esa lesión era comparativamente leve y había de curar, sin que le restara (*sic*) complicación alguna.''

Luego de recibir esta prueba, declaró el policía José R. Álvarez que el 8 de septiembre de 1939 fué a investigar este caso y con ese motivo buscó al acusado en su casa, y éste, voluntariamente, sin que el testigo le hiciera amenaza u oferta alguna, mientras iban por el camino, le dijo que suponía que había venido a buscarle en relación con una herida de bala que había recibido un muchacho en un brazo; que hacía mucho tiempo que le estaban robando los aguacates y frutas de su finca y que la tarde del suceso salió él a dar una vuelta y vió a unos muchachos trepados en un árbol; que llevaba un arma de fuego y disparó al aire, enterándose más tarde que el muchacho William Román había resultado herido.

■ La declaración de los testigos Román, Abril y Cardona, que declararon antes que el policía, dejaron estable-

cido el *corpus delicti* en este caso, pues de dicha prueba re-, sulta que una persona disparó un arma de fuego contra Román, causándole la herida que ya conocemos. Esto constituye el *corpus delicti* en el presente caso. Establecido así el *corpus delicti*, era entonces perfectamente admisible la declaración del policía Álvarez, que consistía principalmente en la confesión que de una manera voluntaria y sin ofertas ni amenazas de clase alguna le hiciera el acusado, prueba ésta tendente a conectar al acusado con la comisión del delito. Véase el caso de *Pueblo* v. *Matos*, 26 D.P.R. 586, y *Underhill on Criminal Evidence*, 4a. ed., sec. 35, pág. 41, citados por el Fiscal.

La prueba de cargo, pues no hubo de descargo en este caso, es suficiente para probar la comisión del delito. La intención criminal raras veces puede probarse con evidencia directa y es por esa razón que se aplica el principio fundamental de derecho de que toda persona es responsable de las consecuencias naturales de sus actos. Si el acusado hizo uso de un arma capaz de causar daño corporal y al dispararla hirió al niño William Román, la intención de causar el daño se infiere del acto realizado por él.

*Por lo expuesto, procede desestimar el recurso y confirmar la sentencia apelada.*